IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KELLY CORBIN WARD,**

                    **Petitioner,**

           v.                                 CASE NO. 11-3212-RDR

**LISA J.W. HOLLINGSWORTH,**

                    **Respondent.**

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner at the United States Penitentiary, Leavenworth, Kansas. Petitioner was convicted in the U.S District Court of South Dakota and challenges the validity of that conviction. Because such a challenge must ordinarily be presented to the sentencing court, and because the court finds no extenuating circumstances, the court dismisses this matter.

**Background**

Petitioner was convicted by a jury of firearms and assault offenses in the U.S. District Court of South Dakota. He did not perfect an appeal, nor has he pursued relief under 28 U.S.C. § 2255.

In this action, he claims he is actually innocent, citing the failure to test bullets and bullet fragments for DNA evidence. He also alleges that his constitutional rights were violated, claiming he is allowed to keep and bear arms and had a valid concealed weapon

permit.

## Discussion

Because petitioner challenges the validity of his conviction, his claim should be presented to the sentencing court pursuant to 28 U.S.C. § 2255. "Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir.2011). However, petitioner failed to pursue that remedy within the one-year limitation period. *See* 28 U.S.C. § 2255(f)(describing limitation period).

Petitioner appears to recognize this obstacle and seeks to proceed under the "savings clause" of § 2255(e), which allows a petitioner to proceed under 28 U.S.C. § 2241 where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." This savings provision is available "only in extremely limited circumstances." *Prost*, 636 F.3d at 606 n. 7 (citation omitted).

The question of whether the remedy is inadequate or ineffective turns on "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). "If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." Id. "[T]he clause is concerned with process—ensuring the petitioner an opportunity to bring his

argument—not with substance—guaranteeing nothing about what the opportunity promised will ultimately yield in terms of relief." *Id.*

Here, the petitioner's challenge could have been brought pursuant to § 2255. While his argument concerning the ineffectiveness of the remedy cites "ineffective counsel and time constraints" (Doc. 1, p. 8), he has not identified any specific facts or impediments to his timely presentation of the claim under § 2255. Likewise, while petitioner makes the bare assertion of actual innocence and suggests additional DNA testing would show that "the so called victim shot himself" (id., p. 4) he "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Hernandez-Escarsega v. Morris*, 43 Fed. Appx. 181, 184 (10th Cir. 2002)(quoting *Bousley v. United States*, 523 U.S. 514, 623 (1998)). Petitioner's unsupported assertion does not satisfy this standard.

Accordingly, having considered the record, the court concludes petitioner is not entitled to proceed under § 2241 as he has not established that the remedy under § 2255 is inadequate or ineffective, nor has he supported his claim of actual innocence.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed.

IT IS FURTHER ORDERED that on or before January 13, 2012, petitioner shall submit to the clerk of the court the filing fee of $5.00 or a certified financial statement showing he lacks the necessary resources.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 15th day of December, 2011, at Topeka, Kansas.


                                      S/ Richard D. Rogers
                                      RICHARD D. ROGERS
                                      United States District Judge